**The People of the State of Illinois ex rel. Charles Miller et al., Directors of School District No. 183, Shelby County, Illinois, Appellants, v. Thomas Dannenbarger et al., School Trustees of Ridge Township, Shelby County, Illinois et al., Appellees.**

SCHOOLS AND SCHOOL DISTRICTS, § 29*—*how indebtedness is apportioned.* A bonded indebtedness lawfully incurred by a school district is a "bona fide debt" within the meaning of Hurd's Rev. St. ch. 122, sec. 65 (J. & A. ¶ 10086), and is to be deducted from the appraised value of the property of the district from which a new district is to be created.

Appeal from the Circuit Court of Shelby county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed April 27, 1920.

WHITAKER, WARD & PUGH, for appellants.

A. J. STEIDLEY, for appellees.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Appellants filed a petition for a peremptory writ of mandamus in the circuit court of Shelby county whereby they sought to compel the trustees of schools in and for the townships of Ridge and Rose in said county to make a new and second division of property belonging to two school districts in said townships and to place to the credit of school district No. 183 the sum of $1,615. Upon a hearing of the cause, the court entered a judgment denying the prayer of the petition, to reverse which this appeal is prosecuted.

There was, originally, in said townships of Ridge and Rose, one school district known as No. 64. Sub-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

sequently, this district was divided into two districts, one known as No. 64 and the other as No. 183. Before this was done, however, the original district No. 64 had voted and issued its bonds in the sum of $5,000 for the purpose of building a new schoolhouse. At the time the petition for mandamus was filed, one of the bonds together with the accrued interest thereon had been paid, leaving a bonded indebtedness of the original district No. 64 of $4,250 together with the accrued interest on the unpaid bonds. After the creation of the new District No. 183, the trustees of schools of the townships of Ridge and Rose appointed three appraisers to appraise the school property in each district at its fair, cash market value. The appraisers found the value of the school property in district No. 64 to be $5,270 and the value of the school property of district No. 183 to be $125 and filed their report of their appraisement with the said school trustees. Thereupon, the trustees sought to make a division of the property between the two districts. They deducted $4,250, the amount of the bonded indebtedness of the original district No. 64, from the sum of $5,270, the appraised value of the school property of the new district No. 64, leaving the sum of $1,020. From the last-named amount they deducted the sum of $125, the appraised value of the school property in the new district No. 183, leaving the sum of $895. This last amount of $895 they took as the basic sum to be divided between the two districts. They found that new district No. 64 was entitled to 62 per cent of this sum and that new district No. 183 was entitled to 38 per cent thereof. Other moneys belonging to said school districts were divided at the same ratio, but no complaint is made in regard thereto and that matter is not involved in this case.

Appellants contend that under the statute the bonded indebtedness of $4,250 of the original district No. 64 should not have been deducted from $5,270,

the appraised value of the property of the two new districts, before the division of the property was made, and claim that by such method new district No. 183 was deprived of the sum of $1,615 which should have been given to it in the division of the property. Section 65, ch. 122, Hurd's Revised Statutes (J. & A. ¶ 10086) provides as follows: "When a new district is created or within thirty days thereafter, the trustees of the township or townships concerned, shall appoint three appraisers, who shall not be residents of the township or townships interested.

"It shall be the duty of such appraisers, within thirty days after their appointment, to appraise the school property, real and personal, of the district or districts interested, at their fair cash value. Within thirty days after such appraisement, the trustees of the township or townships concerned shall charge the property to the district in which it may be found, and credit the other districts interested with its proportion of such valuation: Provided, however, that the bona fide debts of the old district shall first be deducted and the balance charged and credited as aforesaid; and the trustees shall direct the treasurer to place to the credit of the district not retaining such property, its proportion of the value thereof, and of the funds then on hand, or subsequently to accrue, belonging to the district to which said property is charged."

Section 59 (J. & A. ¶ 10080) provides that in case any territory shall be set off from a district that has a bonded debt, such original district shall remain liable for the payment of such bonded debt as if not divided. Appellants urge that as new district No. 183 will have to pay 38 per cent of the bonded indebtedness, it should not be deducted from the property value before the division is made, as such a course deprives it of a property value of $1,615. In support of this contention counsel for appellants argue that

the words "bona fide debts" as used in the statute, do not mean a bonded indebtedness which both districts are bound by law to pay, but mean such debts only as one district is bound by law to pay. The trustees, in making the division between the two districts, followed the directions of the statute literally, and they had no authority to make the division in any other manner. Bona fide debts certainly include a bonded indebtedness lawfully incurred. The statute is plain and unambiguous, and while in the present case, there may possibly be some injustice done to new district No. 183, in the division made by the trustees, yet the court cannot, by construction, legislate a different section into the statute.

The judgment of the circuit court is affirmed.

*Affirmed.*